**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD CRUISE,** | ) | |
| **AIS #0027953,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 16-00602-WS-N** |
| | ) | |
| **NOAH PRICE OLIVER,** | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Harold Cruise, an Alabama inmate proceeding *pro se* and *in forma pauperis*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  *See* S.D. Ala. GenLR 72(b); (12/2/2016 electronic referral).

As ordered (see Doc. 3), the Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed and served an Answer (Doc. 7) to the petition. The Respondent argues that certain claims raised by Cruise are not cognizable in a habeas proceeding and that his other claims are due to be dismissed

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not" brought under 28 U.S.C. § 2254.).

under the "abstention doctrine" of *Younger v. Harris*, 401 U.S. 37 (1971). *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief."). Cruise has filed replies (Docs. 9, 11) to the Answer.

Upon consideration, the undersigned finds that Cruise's § 2241 petition (Doc. 1) is due to be **DISMISSED without prejudice** for lack of subject matter jurisdiction because it has been rendered moot by subsequent developments in his state criminal proceedings. The undersigned further finds that Cruise should not be granted a Certificate of Appealability in conjunction with the dismissal of his petition.

## I.        Mootness of § 2241 Petition

As the Respondent's Answer and attached exhibits indicate, Cruise was arrested on August 24, 2016, in Mobile, Alabama, for assaulting a police officer. Three criminal complaints were executed on August 25, 2016, charging Cruise with second-degree assault, resisting arrest, and disorderly conduct. The case was bound over to the Grand Jury of Mobile County, Alabama, on September 14, 2016. *See* (Mobile County District Court Case Nos. DC-2016-007899.00, -007900.00, and -007931.00); (Docs. 7-1, 7-2, 7-3); Ala. R. Crim. P. 5.4(b) ("(1) If the Court finds probable cause at a preliminary hearing, or (2) if a preliminary hearing is waived or not demanded and the complaint is not dismissed in open court, the district attorney shall present the complaint to the grand jury."). On November 21, 2016,

the Grand Jury of Mobile County returned three indictments charging Cruise with second-degree assault, resisting arrest, and disorderly conduct. Bail was set at $3,000 for the assault charge and $750 for each of the two other charges. On January 18, 2017, Cruise appeared before a judge of the Circuit Court of Mobile County, where Cruise was appointed counsel, waived reading of the indictments, and entered pleas of not guilty on all charges. *See* (Mobile County Circuit Court Case Nos. CC-2016-006182.00, -006183.00, and -006184.00); (Docs. 7-4, 7-5, 7-6).

While still a pretrial detainee, Cruise filed the present § 2241 petition on November 28, 2016, the date he certifies under penalty of perjury that it was delivered to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Cases. He claims that he is due relief because (1) the state court erred in sending his case to the grand jury because the decision was "based on a policeman's testimony who has confused [him] with someone else" (Doc. 1 at 2), and that a state court judge told him "we'll take care of it" when Cruise asked for a blank habeas form and complained of his no salt-diet and his hernia, but "neither problem has been fixed." (*Id.* at 6 – 7). His sole requested relief is for the Court to "order [him] released from jail[.]" (*Id.* at 8).[2]

---

[2] The undersigned is mindful of the obligation to construe Cruise's *pro se* petition liberally. *See, e.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc) ("Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners are often unlearned in the law and unfamiliar with the complicated rules of pleading, we do not impose on them the same high standards of the legal art which we might place on the members of the legal profession. Accordingly, we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (citations and quotations omitted)).

A review of Cruise's information provided by the Alabama Department of Corrections's online prisoner tracker (http://www.doc.state.al.us/InmateSearch.aspx (last visited July 26, 2017)) indicates that Cruise is currently serving a custodial sentence imposed on February 23, 2017. A review of the publicly available dockets of Mobile County Circuit Court Case Nos. CC-2016-006182.00, -006183.00, and -006184.00, accessed through alacourt.com (https://v2.alacourt.com/ (last visited July 26, 2017)) confirms that Cruise pled guilty to all three charges on February 23, 2017, and was given concurrent sentences of confinement. (*See* Mobile County Circuit Court Orders attached hereto).[3]

A state pretrial detainee may seek habeas relief under 28 U.S.C. § 2241.[4] However, as explained above, since filing his § 2241 petition, Cruise has been convicted and sentenced on all charges underlying his pretrial detention. It is well

---

[3] Courts may take judicial notice of publicly filed documents, such as those in state court litigation…" *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015).

[4] *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003)); *Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) (per curiam) (unpublished) ("Hiteshaw is not 'in custody pursuant to a judgment of the State court.' 28 U.S.C. § 2254(a). Rather, he is being held pursuant to a state court's pre-trial detention order resulting from the court's probable cause determination that he is a sexually violent predator under the Jimmy Ryce Act. Hiteshaw is awaiting his civil commitment trial to determine if he is in fact a sexually violent predator. In addition, according to Hiteshaw's habeas petition, he has completed serving his prison term for violating the conditions of his parole. Therefore, under the reasoning in *Medberry*, Hiteshaw, as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition. Thus, the district court erred by characterizing it as a § 2254 petition…").

settled that, "if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (citation and quotations omitted).

> Once [Cruise] was convicted, the claims concerning his pre-trial confinement became moot. *See Yohey v. Collins,* 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988); *Thorne v. Warden, Brooklyn House of Det. for Men,* 479 F.2d 297, 299 (2d Cir.1973); *Medina v. People of State of Cal.,* 429 F.2d 1392, 1393 (9th Cir. 1970).

*Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam). *See also Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("[A]lthough a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."). Accordingly, the undersigned **RECOMMENDS** that Cruise's § 2241 petition (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction.[5]

---

[5]    Even if Cruise's petition had not been rendered moot by his subsequent conviction, the undersigned finds that Cruise's claims for habeas relief were meritless. The undersigned agrees that Cruise's complaints of not being provided with a blank habeas corpus form, of being ordered onto a no-salt diet while confined, and of his hernia are not grounds for habeas relief but are instead challenges to conditions of confinement that should be brought in a civil action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] s 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life…"). The same applies to Cruise's complaints of poor jail medical care and commissary price gouging raised in his replies (Doc. 9, 11). Immediate release of a state prisoner from confinement is not available as a remedy

## II. Certificate of Appealability

In actions such as this one brought by a state prisoner under § 2241, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254

---

under § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison," or the 'shortening' of his term of confinement." (citations omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973))); *D.D. ex rel. Dabney v. Niles*, 615 F. App'x 654 (11th Cir. 2015) (per curiam) (unpublished) ("D.D. and his parents brought this suit under 42 U.S.C. § 1983 challenging his detention by the Georgia Department of Juvenile Justice ('DJJ') ... Regardless of how the Appellants frame the claims, both claims— D.D.'s own claim (Count Two) and his parents' claim based on their parental rights (Count One)—are, in their essential nature, challenges to D.D.'s detention. Therefore, the appropriate method to challenge D.D.'s detention is to seek a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973) ('Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.').''), *cert. denied*, 136 S. Ct. 1173 (2016).

As for Cruise's claim that the state district court court erred in sending his case to the grand jury because the decision was "based on a policeman's testimony who has confused [him] with someone else" (Doc. 1 at 2), the undersigned construes this as a Fourth Amendment claim that his pretrial detention was not supported by probable cause.  *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause…That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements.").  However, Cruise did not file the present petition until a week after the Mobile County Grand Jury returned an indictment on the charges on which he was held.  "It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."  *Ex parte U.S.*, 287 U.S. 241, 250 (1932).  *Accord Gerstein*, 420 U.S. at 118 n.19 (1975).  Accordingly, by the time he filed the petition, any claim that his pretrial detention was not supported by probable cause was meritless.

Cases in the United States District Courts.[6] "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). Upon consideration, the undersigned finds that Cruise should be **DENIED** a Certificate of Appealability as to the present habeas petition, as jurists of reason would not find it debatable that Cruise's petition fails to state a valid claim for the denial of a constitutional right. *See supra*, n.5

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If

---

[6] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[7]

### III.    Appeal *In Forma Pauperis*

Cruise was granted leave to proceed *in forma pauperis* in this action. (*See* Doc. 3). "A party who was permitted to proceed in forma pauperis in the district-court action…may proceed on appeal in forma pauperis without further authorization, unless…the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding…" Fed. R. App. P. 24(a)(3)(A). *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in

---

[7] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Upon consideration, the undersigned recommends that Cruise be permitted to appeal *in forma pauperis*. While numerous circuits have held that a subsequent conviction moots a § 2241 challenge to pretrial detention, the undersigned has been unable to locate a binding Eleventh Circuit decision addressing this issue. Accordingly, an appeal challenging the dismissal of Cruise's § 2241 petition as moot

would not be frivolous, and the undersigned finds no other reason why Cruise should not be entitled to appeal *in forma pauperis.*

## IV.    Conclusion & Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Cruise's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction, that Cruise be **DENIED** a Certificate of Appealability in conjunction with the dismissal, and that final judgment be issued accordingly under Federal Rule of Civil Procedure 58.

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 8th day of September 2017.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE